1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10   EDWARD FINLEY,                          )
                                            )
11              Petitioner,                 )          3:05-cv-0152-KJD-VPC
                                            )
12   vs.                                    )          **ORDER**
                                            )
13   CRAIG FARWELL, *et al.*,               )
                                            )
14              Respondents.                )
     _____/
15

16          This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §

17   2254.  This case comes before the Court with respect to its merits.

18   **I.      Procedural History**

19          Petitioner was convicted on April 12, 2000, following a jury trial, in Nevada's Eight

20   Judicial District Court, of the crime of sexual assault with a child under the age of 14.  (Exhibit D).[1]

21   Petitioner was sentenced to life in prison with the possibility of parole after 20 years.  (*Id.*).

22          Petitioner appealed his conviction to the Nevada Supreme Court.  (Exhibits E, F, L).

23   The Nevada Supreme Court affirmed the judgment of conviction on October 8, 2001.  (Exhibit N).

24
25

26          [1] The exhibits referenced in this order were provided by respondents and are found in the Court's record at Docket #6 and #7 in 3:04-cv-00169-LRH-VPC.

On November 5, 2002, petitioner filed a state habeas petition in state district court. (Exhibits G and H).  The state district court denied the petition.  (Exhibit J).  Petitioner appealed. (Exhibits K and P).  The Nevada Supreme Court affirmed the denial of the state habeas petition on January 27, 2004.  (Exhibit Q).

This Court received a federal habeas petition from petitioner on April 1, 2004, under the case number 3:04-cv-00169-LRH-VPC.  Respondents moved to dismiss the petition.  (Docket #11, in 3:04-cv-00169-LRH-VPC).

By order filed December 27, 2004, this Court granted, in part, and denied, in part, respondents' motion to dismiss.  (Docket #15, in 3:04-cv-00169-LRH-VPC).  The Court found that Grounds 3 and 4, and parts of Grounds 1 and 2, were unexhausted.  Petitioner was given the choice of abandoning the unexhausted claims and proceeding on the remaining claims, or to dismiss the action without prejudice and return to state court to exhaust the unexhausted claims.  (*Id.*).  Petitioner chose to dismiss the action without prejudice.

On March 16, 2005, this Court granted petitioner's motion to re-open this action.[2] (Docket #1).  The action was re-opened under the above-captioned case number, and the amended petition was filed on March 16, 2005.  (Docket #2).

Respondents filed an answer on May 24, 2005.  (Docket #3).  On June 20, 2006, petitioner filed a traverse, which will be deemed as a reply to the answer.  (Docket #5).

**II.      Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

---

[2]  In the order re-opening the action, this Court noted that petitioner apparently decided not to initiate new state court proceedings to exhaust his unexhausted claims.  (Docket #1, at p. 1).

2

granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*

3

1  *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th

2  Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

3              Moreover, "a determination of a factual issue made by a State court shall be presumed

4  to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness

5  by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

6  **III.    Discussion**

7        **A. Grounds One and Three**

8              **1. Ground One**

9              In Ground One petitioner claims that his Sixth Amendment right to confront

10  witnesses was violated when the trial court improperly allowed the child rape victim to testify when

11  she was not a competent witness.  The right to confrontation is limited to specific guarantees – that a

12  criminal defendant will be able to assess the credibility of a live, in-court, face-to-face questioning.

13  *See Crawford v. Washington*, 541 U.S. 36 (2004).  In the instant case, petitioner concedes that the

14  witness was present and testified in court.

15              The Nevada Supreme Court reviewed the trial record and found that the child rape

16  victim was competent.  (Exhibit N).  The factual findings of the Nevada Supreme Court are

17  presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that

18  the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

19  clearly established federal law, as determined by the United States Supreme Court, or that it was

20  based on an unreasonable determination of the facts in light of the evidence presented in the state

21  court proceeding.  The Court will deny habeas relief with respect to Ground One.

22              **2. Ground Three**

23              As to Ground Three, petitioner asserts a derivative *Strickland* claim that counsel

24  should have objected to the court's failure to hold a competency hearing on the child rape victim.

25  Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v.*

26

4

1   *Washington,* 466 U.S. 668 (1984).  In *Strickland,* the Supreme Court held that a petitioner claiming

2   ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so

3   serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and

4   (2) that the deficient performance prejudiced the defense.  *Williams v. Taylor,* 529 U.S. 362, 390-391

5   (2000) (citing *Strickland,* 466 U.S. at 687).  To establish ineffectiveness, the defendant must show

6   that counsel's representation fell below an objective standard of reasonableness.  *Id.*  To establish

7   prejudice, the defendant must show that there is a reasonable probability that, but for counsel's

8   unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable

9   probability is "probability sufficient to undermine confidence in the outcome."  *Id.*  Additionally, any

10   review of the attorney's performance must be "highly deferential" and must adopt counsel's

11   perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.

12   *Strickland,* 466 U.S. at 689.  It is the petitioner's burden to overcome the presumption that counsel's

13   actions might be considered sound trial strategy.  *Id.*

14           Ineffective assistance of counsel under *Strickland* requires a showing of deficient

15   performance of counsel resulting in prejudice, "with performance being measured against an

16   'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*

17   *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an

18   ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

19   to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1,

20   5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of

21   reasonable professional assistance.  *Id.*

22           In the instant case, there was no underlying constitutional violation – the Nevada

23   Supreme Court ruled that the child rape victim was competent.  (Exhibit N).  Therefore, counsel's

24   failure to pursue the issue at trial did not fall beyond an objective standard of reasonableness under

25   prevailing norms.  Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he

26

has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different.  Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground Three.

**B.  Ground Two**

Petitioner alleges violation of his due process rights because of prosecutorial misconduct in Ground Two.  Specifically, petitioner alleges that the prosecutor committed misconduct by: (1) referring to prior consistent statements of the child victim in the opening statement; (2) referring to evidence of prior uncharged misconduct of the defendant; (3) making several improper comments in closing argument regarding defendant's choice of an underage victim, that the district attorney did not prosecute innocent defendants, and commenting on the defendant's admission of drug use.

To raise a successful claim of prosecutorial misconduct sufficient to overturn a conviction on federal habeas corpus, a petitioner must show that a prosecutor's improper conduct rose to the level of depriving him of a fair trial.  *Darden v. Wainwright*, 477 U.S. 168 (1986).  "[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned.  *Id.* at 181.  The relevant question is whether the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Id.*

On review, the Nevada Supreme Court found that there had been no prosecutorial misconduct based on petitioner's allegations.  (Exhibit N).  This Court will not disturb that ruling.  The factual findings of the Nevada Supreme Court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to Ground Two.

**C.  Grounds Four and Five**

In Ground Four, petitioner alleges that trial counsel, at the *Miranda* hearing, failed to present evidence that his inculpatory statement made to police, was before he was advised of all, rather than just some, of his *Miranda* rights.  Petitioner alleges in Ground Five that his appellate counsel failed to raise the issue in Ground Four on direct appeal.

The Nevada Supreme Court reviewed the record and found that no *Miranda* violation occurred, and that trial counsel performed properly in filing and arguing the suppression motion. (Exhibit Q).  Because there was no error, appellate counsel could not have been deficient for deciding not to raise a frivolous issue on appeal.  Moreover, the issue could not have been raised on direct appeal under Nevada law, thus appellate counsel could not have done what petitioner asserts she ought to have done.  *Corbin v. State*, 111 Nev. 378 (1995).

The factual findings of the Nevada Supreme Court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court will deny habeas relief with respect to Grounds Four and Five.

**D.  Ground Six**

Petitioner alleges that appellate counsel failed to federalize several of the direct appeal claims so that they would be preserved for possible future federal habeas corpus review.  This Court has previously ruled that petitioner's claims were pled under federal law.  (Docket #3:04-cv-00169-LRH-VPC, Docket #15).  The Nevada Supreme Court found that petitioner failed to show that the result on direct appeal would have been different.  (Exhibit Q).  Petitioner has also not met the prejudice prong of *Strickland* in the instant petition.

1    The factual findings of the Nevada Supreme Court are presumed correct.  28 U.S.C. §

2   2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

3   decision was contrary to, or involved an unreasonable application of, clearly established federal law,

4   as determined by the United States Supreme Court, or that it was based on an unreasonable

5   determination of the facts in light of the evidence presented in the state court proceeding.  The Court

6   will deny habeas relief with respect to Ground Six.

7        **E.  Ground Seven**

8        Petitioner alleges that the State courts abused their discretion by dismissing his state

9   habeas corpus petition.  Federal habeas review is expressly limited to federal questions.  *Estelle v.*

10  *McGuire*, 502 U.S. 62 (1991).  Petitioner's claim is a question of state law and is not cognizable

11  under federal habeas.   The Court will deny habeas relief with respect to Ground Seven.

12  **IV.     Certificate of Appealability**

13        In order to proceed with his appeal, petitioner must receive a certificate of

14  appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

15  F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

16  2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

17  right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

18  U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

19  district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

20  U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

21  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

22  or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

23        This Court has considered the issues raised by petitioner, with respect to whether they

24  satisfy the standard for issuance of a certificate of appealability, and determines that none meet that

25  standard.  The Court will therefore deny petitioner a certificate of appealability.

26

8

**V.      Conclusion**

        **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY.**

        **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

        **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

        DATED:  March 27, 2008.

                         _____
                         UNITED STATES DISTRICT JUDGE

9